UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOSEPH KILZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-01428-SEB-DKL |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

**Entry Discussing Complaint for Judicial Review**

Joseph Kilzer ("Kilzer") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq.*

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

**I.   Background**

Kilzer applied for SSI and DIB on January 8, 2009, alleging an onset date of August 15, 2008. His applications were denied initially and upon reconsideration. His request for a hearing before an Administrative Law Judge ("ALJ") was granted, and a hearing was conducted by video on July 7, 2010. Kilzer was present, accompanied by his attorney. Medical and other records were introduced into evidence. Kilzer testified, and a vocational expert testified by telephone. The ALJ denied Kilzer's applications on July 30, 2010. On September 22, 2011, the Appeals Council denied Kilzer's request for review, making the ALJ's decision final. *See Getch v. Astrue,* 539 F.3d 473, 480 (7th Cir. 2008). This action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Kilzer met the insured status requirements of the Act through June 30, 2010; (2) Kilzer had not engaged in substantial gainful activity since August 15, 2008, the alleged onset date; (3) Kilzer had the following severe impairments: degenerative disc disease, stenosis of lumbar spine, status-post facet fixation, status-post laminectomy and spinal fusion, anterior cruciate ligament tear, and obesity; (4) Kilzer did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Kilzer had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except he could only occasionally climb, balance, stoop, kneel, crouch, or crawl; could not climb ropes, ladders, or scaffolds; and must have the opportunity to change between sitting and standing every thirty minutes; (6) Kilzer was unable to perform any past relevant work; (7) Kilzer was born on March 17, 1964, and was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date, and she subsequently changed age category to a younger individual age 45-49; (8) Kilzer had at least a high school education and was able to communicate in English; (9) transferability of job skills was not an issue in this case because Kilzer's past relevant work was unskilled; and (10) considering Kilzer's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could perform. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Kilzer had not been under a "disability," as defined in the Act, from August 15, 2008, through the date of the ALJ's decision.

## II.  Discussion

### A.  Applicable Law

To be eligible for DIB and SSI, a claimant must prove he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005).

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920. A finding of disability requires an affirmative answer at either step three or step five.

*Id*. The claimant bears the burden of proof at steps one through four, and at step five the burden shifts to the Commissioner. *Id.* at 352.

The task a court faces in a case such as this is not to make a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B.   Analysis

In this case, the ALJ concluded that although Kilzer had severe impairments consisting of degenerative disc disease, stenosis of lumbar spine, status-post facet fixation, status-post laminectomy and spinal fusion, anterior cruciate ligament tear, and obesity, there were a significant number of sedentary unskilled jobs in the national economy that he could perform.

Kilzer argues that the ALJ's decision is not supported by substantial evidence. More specifically, he contends that 1) the ALJ erred in determining that his impairments did not satisfy Listing 1.04C, and 2) the ALJ's credibility determination was improper.

As to Kilzer's first claim of error, he has the burden of showing that his impairments met or medically equaled a listing. *Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012); *Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006). He must show that his impairments "satisfy all of the various criteria specified in the listing." *Ribaudo*, 458 F.3d at 583. Listing 1.04C requires the following:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord, with: . . . C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.04C.

Kilzer asserts that his spinal impairment satisfied the criteria of Listing 1.04C. He notes that there is medical evidence of him having spinal stenosis. He also points out that he testified at the hearing of his inability to lift his legs to put his pants on, his intermittent use of a cane, and that his ability to sit and stand was limited to 15 minutes or less.

The ALJ considered whether Kilzer's impairments met or equaled Listing 1.04C. In determining that Listing 1.04C was not satisfied, the ALJ pointed to evidence showing that Kilzer had normal range of motion and motor strength in upper and lower extremities, except for a mildly tender ankle. (R. at 28). In March 2009, Kilzer had full joint motion in his extremities and in November 2009, he ambulated without assistance. *Id.* The ALJ further noted that in January 2010, Kilzer's motor system, gait, sensory exam, and reflexes were all found to be normal. *Id.*

An "inability to ambulate effectively" is one of the criteria specified in Listing 1.04C. "Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." Listing 1.00B(2)(b). "Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id.*

The Commissioner points out that there is no evidence that Kilzer required an assistive device that limited the use of both upper extremities, such as two canes, a walker, or two crutches. Although certainly some of the criteria of Listing 1.04C were met by Kilzer's spinal impairments, Kilzer has not met his burden of showing that *all* such criteria were satisfied. *See Ribaudo*, 458 F.3d at 583. Substantial evidence supports the ALJ's determination that the requirements of Listing 1.04C were not met or equaled.

Kilzer next argues that the ALJ's credibility determination was improper. "Because the ALJ is in the best position to determine a witness's truthfulness and forthrightness ... this court will not overturn an ALJ's credibility determination unless it is patently wrong." *Shideler v. Astrue*, 688 F.3d 306, 310-311 (7th Cir. 2012) (internal quotation omitted). "When evaluating credibility, the ALJ must consider the entire case record and give specific reasons for the weight given to the individual's statements." *Id.* (internal quotation omitted). "On review, we merely examine whether the ALJ's determination was reasoned and supported." *Id.* (internal quotation omitted). "Reviewing courts therefore should rarely disturb an ALJ's credibility determination, unless that finding is unreasonable or unsupported." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008).

Kilzer argues that some of the medical evidence supports his subjective complaints. Even assuming that is true, that alone is not enough to render a credibility determination patently wrong.

A[T]he ALJ should look to a number of factors to determine credibility, such as the objective medical evidence, the claimant's daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and functional limitations.@ *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (citing 20 C.F.R. ' 404.1529(c)(2)-(4) (internal quotation omitted)). In this case, the ALJ discussed the evidence that related to these factors. (R. at 28-30). The ALJ pointed out inconsistencies in Kilzer's testimony. (R. at 29). He noted that the record indicated that Kilzer was not as limited as he alleged. *Id.* For example, the ALJ noted that although Kilzer testified that he had not been able to perform any chores at home for the past two years, during that same time he reported to a physician that he had been pulling up carpet. *Id.* The ALJ further noted that Kilzer received unemployment benefits for nearly two years after his onset of disability date, "which suggests (though certainly does not alone prove) that he felt he was capable of working at some level." *Id. See Schmidt v. Barnhart*, 395 F.3d 737, 746 (7th Cir. 2005) (in assessing disability applicant's credibility, ALJ may properly consider to some extent an applicant's decision to apply for unemployment benefits and represent to state authorities and prospective employers an ability and willingness to work).

The ALJ's discussion shows that he considered the medical evidence which showed findings including the need for back surgery in May 2009, improvement post-surgery, ambulation without assistance in November 2009, an MRI of the right knee showing a tear of the anterior cruciate, normal findings related to Kilzer's motor system, gait, sensory exam, and reflexes in January 2010, and in February 2010 Kilzer receiving an injection for knee pain but making no complaints of back pain or limits in his range of motion. (R. at 28-30). The ALJ noted that Kilzer took medications for pain. (R. at 29). The ALJ concluded that Kilzer did have some limitations, especially in prolonged sitting, but that his allegations that he could

perform no work activities were not fully credible. (R. at 28-30).

The ALJ considered the relevant evidence and gave specific, supported explanations for his evaluation. For these reasons, the court does not find the ALJ's credibility determination to be "patently wrong."

As noted, the court's role in this case is not to attempt a *de novo* determination of Kilzer's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence. If the ALJ's view of the evidence is supported by substantial evidence, the court must affirm the decision. In other words, "even if reasonable minds could differ concerning whether [the claimant] is disabled, we affirm if the ALJ's decision has adequate support." *Simila,* 573 F.3d at 513 (internal quotation omitted). The court is not allowed to "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Id.* (internal quotation omitted). The court "cannot reweigh the evidence or substitute our own judgment for that of the ALJ." *Schmidt v. Apfel,* 201 F.3d 970, 972 (7th Cir. 2000).

"An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009)(internal quotation omitted). In this case, the ALJ sufficiently articulated his assessment of the evidence to enable the court to trace the path of his reasoning. *See Schmidt*, 395 F.3d at 747. Substantial evidence supports the ALJ's evaluation of Kilzer's impairments and conclusion that he had not been under a disability as defined by the Act had not been under a "disability," as defined in the Act, from August 15, 2008, through the date of the ALJ's decision. Accordingly, the decision must be affirmed.

### III.   Conclusion

There was no reversible error in the assessment of Kilzer's applications for DIB and SSI. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. Under these circumstances, Kilzer is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  01/15/2013

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

**All electronically registered counsel**